UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WENZHI CHEN (9),<br><br>Defendant. | Case No.: 25-CR-01765 (TWR)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER AND SET BAIL**<br><br>**[ECF No. 269]** |
|---|---|

    Before the Court is Defendant Wenzhi Chen's Motion to Reconsider Detention Order and Set Bail. ECF No. 269. At a hearing on September 18, 2025, the Court granted the Government's motion to Detain the Defendant based on serious risk of flight. ECF No. 153. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance. ECF No. 164. The Court found the following factors supported an order of detention: the nature and circumstances of the offense; Defendant's criminal history; the charges against Defendant are based on alleged dishonest conduct, false statements, or fraud; Defendant is alleged to have used aliases or false documents; and the weight of the evidence against Defendant is strong, although that is the least important factor. *Id.* The Court also noted that Defendant has two active warrants for fraud-related charges. *Id.*

    Defendant now seeks reconsideration of the Court's detention order, and requests

that the Court set pretrial release conditions including a personal appearance bond in the amount of $50,000 secured by the signature of Defendant's father and a $50,000 cash deposit. Defendant argues that he is a United States citizen who has not been outside of the United States since he immigrated here at 11 years old. ECF No. 269-1 at 3. Defendant contends that because he has no prior convictions, the instant charges do not involve allegations of firearms or weapons, and Defendant did not resist arrest, detention is not warranted here. *Id.* Defendant can live at home in New York with his parents and sister while the case is pending. *Id.* at 4.

The Government opposes the motion. The Government argues that the nature and circumstances of the offense "weigh heavily in favor of detention" because Defendant is alleged to be part of a "multinational organized crime fraud ring that targeted elderly Americans." ECF No. 276 at 3. Defendant is alleged to have participated in the scheme by setting up short-term rental accounts to receive cash from the victims of the scheme. *Id.* Defendant faces a significant sentence if convicted. *Id.* at 6. With respect to Defendant's history and characteristics, the Government contends that Defendant has foreign ties to China, where his grandparents live. *Id.* at 7. Defendant has no legitimate employment and is alleged to have been living and working at an illegal gambling den at the time of his arrest. *Id.* Defendant also has multiple arrests and charges pending in Ohio and Florida. *Id.* at 8. Defendant has two active warrants in Ohio for identity theft, receiving stolen property, theft, and misuse of a credit card. *Id.* at 9. Defendant has also failed to appear in court on more than one occasion. *Id.*

The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

The Court is not persuaded that the additional information provided by Defendant rebuts the presumption of detention. Although the Court recognizes and appreciates the willingness of Defendant's father and family to support him during the pretrial process, the

1  Court does not find it sufficient to overcome the factors that weigh in favor of detention
2  here. Defendant's failures to appear in court as ordered and outstanding warrants, coupled
3  with the nature and circumstances of the charges, demonstrate that no condition or
4  combination of conditions can be set to reasonably assure his appearance as required.
5      Therefore, the Court **DENIES** Defendant's Motion to Reconsider Detention Order
6  and Set Bail.
7      **IT IS SO ORDERED.**
8  Dated:  November 30, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge